Form: Dismiss TRAP 42.3












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MANUEL MENDOZA,


 Appellant,


v.


MICHAEL HENSLEY, AS
PRESIDENT OF BOARD OF
DIRECTORS FOR TEXAS WESTERN
MUNICIPAL GAS COMPANY,
TEXAS WESTERN MUNICIPAL GAS
COMPANY AND THE CITY OF VAN
HORN, INDIVIDUALLY, JOINTLY
AND SEVERALLY,


 Appellees.

§


§


§


§


§

No. 08-03-00195-CV


Appeal from the


394th Judicial District Court


of Culberson County, Texas


(TC#4374)


MEMORANDUM OPINION



 This appeal is before the Court on Appellees' motion to dismiss the appeal pursuant
to Tex. R. App. P. 42.3, which states:

 Under the following circumstances, on any party's motion--or on its
own initiative after giving ten days' notice to all parties--the
appellate court may dismiss the appeal or affirm the appealed
judgment or order. Dismissal or affirmance may occur if the appeal
is subject to dismissal:




 (a) for want of jurisdiction;


 (b) for want of prosecution; or


 (c) because the appellant has failed to comply with a
requirement of these rules, a court order, or a notice from the
clerk requiring a response or other action within a specified
time.


Tex. R. App. P. 42.3. 

 Appellant, Manuel Mendoza, attempts this interlocutory appeal from the granting of
a plea to the jurisdiction by Appellees, Michael Hensley and Texas Western Municipal Gas
Corporation. (1) Appellant filed a notice of accelerated appeal pursuant to "Texas Civil
Practice and Remedies Code Section 6.002(a)(b)." Section 6.002 of the Civil Practice and
Remedies Code does not authorize interlocutory appeals. Tex. Civ. Prac. & Rem. Code
Ann. § 6.002 (Vernon 1997). Section 51.014(a)(8) of the Civil Practice and Remedies Code
allows interlocutory appeal of an order which "grants or denies a plea to the jurisdiction by
a governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). However, even
if Appellant intended to bring this interlocutory appeal under Section 51.014(a)(8), he cannot
do so as neither Hensley nor Texas Western Municipal Gas Corporation is a governmental
unit. Likewise, since Appellant has claims pending against the City of Van Horn, the trial
court's order was not a final, appealable order as it did not dispose of all parties. Therefore,
we grant Appellees' Motion to Dismiss for Want of Jurisdiction.

 On June 10, 2003, this Court granted Appellant's motion to extend time to file a
response to Appellees' motion to dismiss. On June 30, 2003, this Court received Appellant's
Motion to Abate Plaintiff's Appeal. Appellant requested that this appeal be abated until the
trial court granted his Motion to Sever Defendant City of Van Horn in order to effect a final
judgment on Hensley and Texas Western Municipal Gas Corporation. We decline to do so
and deny Appellant's motion to abate. 

 Pursuant to Tex. R. App. P. 42.3(a), we dismiss the appeal for want of jurisdiction.

September 18, 2003


 _______________________________________

 RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


1. Appellant's claims against Appellee, the City of Van Horn, remain pending.